UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

    –v–

Oneil DaSilva,

              Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/8/21

15-cr-95 (AJN)
19-cv-7442 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Before the Court is Defendant Oneil DaSilva's Motion to Vacate, Set Aside, or Correct the Sentence, brought under 18 U.S.C. § 2255. For the reasons that follow, the motion is DENIED.

**I.    BACKGROUND**

    DaSilva was charged in Counts One through Four of the S2 Superseding Indictment, which was unsealed on April 27, 2016. See Dkt. Nos. 29, 97 ("Indictment"). Count One charged DaSilva with participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); Count Two charged him with participating in a narcotics conspiracy, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846; Count Three charged him with narcotics distribution within 1,000 feet of schools or playgrounds, in violation of 21 U.S.C. § 860; and Count Four charged him with discharging a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

    DaSilva pled guilty to Count Four of the Indictment on December 8, 2016. See Dkt. No. 933 ("Plea Tr."). At the plea hearing, the Court advised DaSilva that Count Four charged him with "using, carrying, and possessing firearms during and in relation to the racketeering conspiracy charged in Count One of the indictment and the narcotics conspiracy charged in

Count Two of the indictment in which firearms were discharged in violation of 18 U.S.C., Section 924(c)(1)(A)(3)." Plea Tr. at 11:14–11:20. The Government stated the elements of the crime, which included that "the defendant committed a crime of violence—here, the violent racketeering conspiracy charged in Count One—*or* a narcotics crime—here, the narcotics conspiracy charged in Count Two." *Id.* at 12:1–12:4. In pleading guilty to Count Four, DaSilva admitted to "discharg[ing] a gun in relation to a drug deal and in connection with" his relationship with BMB. *See* Plea Tr. at 22:8–22:11.

Count Four carried a mandatory minimum sentence of ten years' imprisonment. *See* Dkt. No. 1514 ("Sentencing Tr.") at 4:25–5:6; PSR ¶ 30. On May 12, 2017, the Court sentenced him to 180 months' incarceration, to be followed by five years' supervised release. *See* Dkt. No. 1346. The Court also imposed a $100 special assessment. *Id.* At sentencing, the Court explained at length why such a sentence was justified, reasonable, and no greater than necessary in light of the 18 U.S.C. § 3553(a) factors. *See* Sentencing Tr. at 13–18.

DaSilva filed this petition on August 15, 2019. *See* Dkt. Nos. 2600, 2601 ("Def. Br."). The matter is fully briefed. *See* Dkt. No. 2635 ("Gov. Opp'n Br"); Case No. 19-cv-7442, Dkt. No. 10 ("Reply").

**II.   DISCUSSION**

In his § 2255 petition, DaSilva makes two principal arguments. First, he asks the Court to vacate his firearms conviction under § 924(c) in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), in which the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. Second, he argues that his counsel was ineffective for advising him to plead guilty to the firearms offense in connection to the racketeering conspiracy

under § 924(c)(3)(B), in light of the later ruling in *Davis*. The Court concludes that neither of these claims is meritorious.

### A. DaSilva's *Davis* claim fails on the merits

The Court first addresses DaSilva's argument that his conviction was rendered unconstitutional by the Supreme Court's decision in *Davis*. As already noted, in *Davis*, the Supreme Court held that the residual clause definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *See Davis*, 139 S. Ct. at 2336. After *Davis*, then, for purposes of § 924(c), a "crime of violence" is limited to offenses that contain, as an element, the "use of force." 18 U.S.C. § 924(c)(3)(A). *See Benjamin v. United States*, Case No. 15-CR-445 (PAE), 2020 WL 4887054, at *2 (S.D.N.Y. Aug. 20, 2020). DaSilva thus argues that because his § 924(c)(1)(A) was predicated in part on the racketeering conspiracy charged in Count One of the Indictment, his § 924(c)(1)(A) conviction is unconstitutional and must be vacated.

DaSilva's reasoning is flawed because his guilty plea to Count Four was predicated both on the racketeering conspiracy charged in Count One *and* the narcotics conspiracy charged in Count Two. *See* Gov. Opp'n Br. at 6–7; *see also* Plea Tr. at 11:14–11:20. And § 924(c) applies to the use of firearms in connection with *either* a "crime of violence *or* drug trafficking crime." 18 U.S.C. § 924(c)(1)(A) (emphasis added). Section 924(c) convictions based on a narcotics conspiracy were left "unaffected by *Davis*, which limits only the scope of" the term "crime of violence." *Benjamin*, 2020 WL 4887054, at *2; *see also United States v. Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016) (upholding a § 924(c) conviction based on a narcotics conspiracy and a Hobbs Act conspiracy, even assuming that the latter conspiracy did not constitute a crime of violence); *Jimenez v. United States*, Nos. 15-CV-4653 (AKH), 13-CR-58 (AKH), 2019 WL 5306976, at *2 (S.D.N.Y. Oct. 21, 2019) ("Although, in light of *Davis* . . . a Hobbs Act robbery

is no longer a valid § 924(c) predicate offense, drug trafficking remains a valid predicate offense").

DaSilva's arguments to the contrary are unconvincing. He contends that "a § 924(c) single count cannot rest on two different predicate offenses," relying on Fed. R. Crim. P. Rule 8(a)'s requirement that there be "a separate count for each offense," and that "when one of those legal theories becomes invalid as in this matter, and the record is 'silent' on which legal theory the conviction rests on, the conviction must be vacated." Reply at 1, 3.

The argument fails. The general bar on duplicitous indictments does not prohibit a charge of two predicate acts in a single § 924(c) count. *See* Reply at 3–6. It is commonplace for a single § 924(c) count to rely on multiple conspiracy predicates where, as here, those conspiracies are intertwined. *See, e.g.*, *Benjamin*, 2020 WL 4887054, at *2 ("Benjamin's use of firearms, as charged in Count Eight, was tied *both* to a racketeering conspiracy *and* a narcotics conspiracy."); *see also United States v. Espudo*, 768 F. App'x 623, 626 (9th Cir. 2019) ("The defendants just happened to commit two separate predicate offenses while brandishing or discharging that firearm—a RICO conspiracy that was inextricably intertwined with a conspiracy to distribute controlled substances."); *United States v. Wallace,* 447 F.3d 184, 188 (2d Cir. 2006) (single § 924(c) charge can cover "continuous possession of a firearm in furtherance of coterminous predicate offenses involving essentially the same conduct").

Furthermore, the non-binding cases on which DaSilva relies—*In re Gomez*, 830 F.3d 1225 (11th Cir. 2016) and *Glass v. United States*, No. 16-cv-6457-MAT, No. 8-cr-6006-MAT, 2017 WL 116345, at *5 (W.D.N.Y. Jan. 12, 2017)— are inapposite here. *See* Def. Br. at 14. In *In re Gomez*, the indictment alleged multiple predicate acts and the jury's verdict form did not specify which predicates formed the basis for the conviction. *See In re Gomez*, 830 F.3d at 1227.

The central issue in the case was *not* whether the § 924(c) count could rely on multiple predicates. Rather, it was the Eleventh Circuit's concern that "a general verdict of guilty does not reveal any unanimous finding by the jury that the defendant was guilty of conspiring to carry a firearm during one of the potential predicate offenses, all of predicate offenses, or guilty of conspiring during some and not others." *Id*. Here, however, there was a plea agreement that specified that the conviction was based on both predicates, which was made clear in the plea allocution. Thus, "[t]his case is therefore unlike *Gomez* insofar as the Court does not have to speculate whether the § 924(c)(1) conviction was based" on a crime of violence or a drug trafficking crime. *Glass*, 2017 WL 116345, at *5. None of the cases cited by the Defendant support the proposition that his plea to Count Four was invalid.

Nor is DaSilva correct that the record is silent as to the legal theory that the conviction rests on. As already noted, DaSilva's plea allocution unambiguously admitted to his use of a firearm in connection with both conspiracies, and DaSilva admitted to "discharg[ing] a gun in relation to a drug deal and in connection with" his relationship with BMB. *See* Plea Tr. at 22:8–22:11. Far from being silent, then, the record reflects that DaSilva admitted that his use of firearms was connected both to the racketeering conspiracy charged in Count One and the narcotics conspiracy charged in Count Two. Consistent with that, the fact that the crime of violence predicate is no longer valid does not disturb the record's support for DaSilva's guilt as it relates to the second predicate offense.

As a result, *Davis* leaves undisturbed DaSilva's conviction.[1]

---

[1] Because DaSilva's argument fails on the merits, the Court need not reach the question of whether DaSilva procedurally defaulted on his claim.

### B. Ineffective Assistance of Counsel

DaSilva also raises an ineffective assistance of counsel argument predicated on his theory that his counsel, Joseph Grob, ineffectively advised him to plead guilty to Count Four despite the fact that Count Four was "duplicitous." *See* Def. Br. at 12–14.

To prevail on an ineffective assistance of counsel claim, a movant must (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice," namely, demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 693–94 (1984). When analyzing a claim that counsel's performance did not meet constitutional standards, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* "In assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct,' and may not use hindsight to second-guess his strategy choices." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). Constitutionally inadequate performance may be established if a habeas petitioner "shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000). Even then, "[t]he failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which [a] [p]etitioner [i]s entitled." *Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) (quotation marks and citations omitted). Simply disagreeing with counsel's strategy is not enough on its own to support an ineffective assistance of counsel claim. *See*

*United States v. Spigelman*, No. 05 CR 960 (SAS), 2008 WL 84539, at *2 (S.D.N.Y. Jan. 8, 2008) ("Mere disagreement with an attorney's strategy is not enough for a [petitioner] to prevail on an ineffective assistance claim.").

Even if an attorney's performance was objectively unreasonable, a habeas petitioner must also demonstrate prejudice. *See Strickland*, 466 U.S. at 687. To do so, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A defendant cannot establish prejudice on the basis that counsel's errors had "some conceivable effect" on the result because "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* at 693. To demonstrate *Strickland* prejudice in the plea bargaining context, "the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005). "Moreover, to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). When assessing prejudice, courts should consider "all relevant factors," *Gonzalez v. United States*, 722 F.3d 118, 132 (2d Cir. 2013), including "whether pleading guilty gained [the defendant] a benefit in the form of more lenient sentencing," and "whether the defendant advanced any basis for doubting the strength of the government's case against him." *Chhabra v. United States*, 720 F.3d 395, 408 (2d Cir. 2013).

DaSilva's ineffective assistance claim fails both prongs. To begin with, DaSilva has not shown that Grob's conduct fell below "an objective standard of reasonableness" under

"prevailing professional norms." *Strickland*, 466 U.S. at 693–94.  As discussed above, the initial premise of DaSilva's duplicity argument is incorrect, insofar as a single § 924(c) violation can rely on multiple predicates.  *See, e.g.*, *Benjamin*, 2020 WL 4887054, at *2 ("Benjamin's use of firearms, as charged in Count Eight, was tied *both* to a racketeering conspiracy *and* a narcotics conspiracy."); *see also Espudo*, 768 F. App'x at 626 ("The defendants just happened to commit two separate predicate offenses while brandishing or discharging that firearm—a RICO conspiracy that was inextricably intertwined with a conspiracy to distribute controlled substances."); *Wallace*, 447 F.3d at 188 (a single § 924(c) charge can cover "continuous possession of a firearm in furtherance of coterminous predicate offenses involving essentially the same conduct").  The Indictment charged DaSilva with use of a firearm in furtherance of two "inextricably intertwined" conspiracies, *see Espudo*, 768 F. App'x at 626; as a result, because his use of a firearm furthered both of those conspiracies, the count was not duplicitous.

In addition, as already noted, this case is unlike *In re Gomez* because the plea agreement specified that the conviction was based on both predicates and DaSilva allocuted that the gun charge underlying the § 924(c) conviction related to both the racketeering and narcotics conspiracies.  Furthermore, to the extent that DaSilva argues that Count Four was duplicitous because it was based on several different instances of the use of firearms, that argument also lacks merit because a § 924(c) charge on a conspiracy predicate may involve multiple uses of firearms.  *See United States v. Ahmed*, 94 F. Supp. 3d 394, 432–33 (E.D.N.Y. 2015) (collecting cases).

For these reasons, DaSilva's claim that Grob's performance fell below a constitutional standard of reasonableness lacks merit because Grob's advice that DaSilva plead guilty to Count Four was not deficient. Objecting to Count Four on duplicity grounds would have been meritless.

As a result, DaSilva cannot establish that Grob's performance was constitutionally deficient. *See Cook v. United States*, No. 13-crr-777 (AJN), No. 13-cv-8372 (AJN), 2020 WL 6746378, at *2 (S.D.N.Y. Nov. 17, 2020) (noting that "[t]he failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which [a] [p]etitioner [i]s entitled" (citing *Aparicio*, 269 F.3d at 99)).

Nor does DaSilva establish prejudice. As already noted, to establish prejudice, DaSilva would have to show both that "there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial," *Arteca*, 411 F.3d at 320, and that "a decision to reject the plea bargain would have been rational under the circumstances," *Padilla*, 559 U.S. at 372. As an initial matter, because Count Four was not duplicitous, it would not have been rational to reject the plea bargain on that basis. But even assuming *arguendo* that Count Four *was* arguably duplicitous, objecting to Count Four on duplicity grounds would not have materially altered DaSilva's position because duplicity "is only a pleading rule and would in no event be fatal to the count." *United States v. Droms*, 566 F.2d 361, 363 n.1 (2d Cir. 1977). Thus, even if DaSilva had objected to the supposed duplicity, the objection would not have materially improved his position at trial and instead would have been resolved by instructing the jury to specify whether it unanimously based the § 924(c) conviction on the the crime of violence predicate, the drug trafficking predicate, or both. *See, e.g.*, *Ahmed*, 94 F. Supp. 3d at 432. And to the extent that DaSilva argues that he was prejudiced because at trial the § 924(c) conviction would have been based on the Count One predicate, which is now "void," *see* Def. Br. at 15–16, that argument fails because there is no basis to conclude that Count Two could not have served as a predicate to the § 924(c) conviction had he proceeded to trial.

Finally, DaSilva argues that he was prejudiced on the basis that, at trial, "the true facts would have been established," which the Court construes as contending that he did not use a gun in furtherance of the narcotics conspiracy charged in Count Two. *See* Def. Br. at 15.  As the Government argues, however, that contention directly contradicts DaSilva's sworn testimony in his plea allocution, where he admitted to using a gun in furtherance of both predicates.  *See* Gov. Opp'n Br. at 21–22.  The Court need not countenance DaSilva's unsupported assertion, made in furtherance of the present motion, insofar as it contradicts his sworn testimony at the plea allocution.  *See United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001) (noting that there is a "strong presumption of accuracy" that attaches to a defendant's sworn statements, made in open court).  DaSilva's conclusory assertion that, at trial, he would be able to marshal facts to contradict the assertions he made under oath at his plea allocution thus fail to establish prejudice.

DaSilva's submission does not make any other coherent claim for relief.  In the course of reviewing his motion, however, the Court has considered the overall record of his case.  The Court has not found any infirmity in any proceedings in the case or any deficiency, let alone a prejudicial one, in his counsel's representation.

### III. CONCLUSION

For the reasons stated above, DaSilva's § 2255 petition is denied.  The Court declines to issue a certificate of appealability and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. No. 2592 in Case No. 15-cr-95 and to close case 19-cv-7442.  The Clerk of Court is further directed

to mail a copy of this Memorandum Opinion and Order to the Defendant and to note that mailing on the docket.

SO ORDERED.

Dated: October 8, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge